IN THE

# SUPREME COURT

OF THE

# STATE OF LOUISIANA.

EASTERN DISTRICT, MAY TERM, 1823.

## ROBERTSON vs. LUCAS.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. The petition avers that the plaintiff purchased of Asa M. Robertson a raft of cypress logs, which the said Asa had acquired from Elijah Burrel; that the defendant had taken possession of them, and refuses to deliver them up.

The defendant pleaded the general issue and title in himself, there was judgment for him in the court below, and the plaintiff has appealed.

Several bills of exceptions were taken on

When a commission is directed to a justice of the peace by name, it is not required to show his qualifications.

Former declarations of a witness may be received to contradict the evidence he gives on trial.

Deposition cannot be read when the opposite party had not received notice of the time and place of taking them.

Proof by a witness that he once had a written paper, and that he does not

East'n District. the trial.    The first was, to any new evidence
*May*, 1823.
being introduced by the plaintiff, as the cause
ROBERTSON
*vs.*      had been  remanded for the defendant's testi-
LUCAS.
mony alone.

know what has
become  of  it,     The intimation of  the  district court to the
will not autho-
rise the intro- defendant on the first trial, that it was not ne-
duction of se-
condary evi- cessary  for  him  to  introduce  any  evidence,
dence to estab-
lish its contents. was the cause of  our remanding  the case, as
The maker of
a  deed  is  the under our view of it,  that evidence was ne-
best witness to
prove its execu- cessary,  to  do  justice  between  the parties.
tion.
But in remanding it for this purpose, we neces-
sarily remanded it for a new trial generally,
for we could not get the evidence in any other
way, and the trial  being once gone into,  nei-
ther  party could  be  prevented from  intro-
ducing other legal testimony.

Depositions  being  taken  under  a  commis-
sion directed to one Andrew  Letting,  it was
objected that they could not be read because
it was not shown he was a justice of the peace
for the territory of Arkansaw.    It was not ne-
cessary to show it, as directing a commission
to him by name, made him  an  officer  of  the
court *ad hoc*, and dispenses with  any  proof  of
his qualification to discharge the duty imposed
on him.    His  certificate, that the depositions
were  taken before  him, is  full  proof  of  that

fact.   The judge therefore did not err in admitting them to be read in evidence.

Neither did he err in rejecting hearsay testimony, of what was said by Burrel and other persons.   Nor in rejecting parol evidence, to explain a written contract which on the face of it required no explanation; nor in permitting former declarations of a witness to be received, to contradict his evidence as given on trial. *Phillips on Evidence,* 230.   Nor in refusing to suffer depositions to be read, when the opposite party had not received notice of the time and place of taking them.

The deposition of one Hoskins was offered, to prove that a written agreement had been entered into by Blunt and the plaintiff, that it was lost or destroyed, and what were its contents. The witness swore that it was once in his possession, and that he did not know what was become of it.   This is not sufficient proof of the loss of the written title, to authorise the introduction of secondary evidence.   He who has lost his titles without being able to show any fact to which their loss can be ascribed, or proving an overpowering force, is not permitted to resort to parol testimony to establish their existence and contents. *Civil Code* 312, *art.* 247.

East'n District.
*May*, 1823.

ROBERTSON
*vs.*
LUCAS.

We think Robertson was a good and the best witness to prove, that he had executed the instrument of writing under which the plaintiff claims, and that the judge did not err in admitting him to testify. 2 *Johnson* 451, *Hall* vs. *Phelps*, 3 *Johnson* 477.

Settling these questions, raised by the bills of exceptions, enables us to reach the merits of the controversy.

Both plaintiff and defendant claim under one Burrel, and his deposition was introduced and read in evidence by defendant, to show the real nature of the contract between Burrel and Asa M. Robertson, the plaintiff's vendor. By this evidence it is proved that the latter bought of the former a raft of timber, for a certain sum payable in a watch and merchandise, $400 in two months from the date of sale, and $450 worth of cattle, with the condition that in case the first payment was not made, the property sold should revert to the vendor, and the watch and merchandise which were delivered at the time of sale, should be forfeited. Under this contract possession was given to the vendee of the raft, and the buyer having failed to comply with his agreement, the vendor took the property by force and and sold it to the defendant.

East'n District.
*May,* 1823.

ROBERTSON
*vs.*
LUCAS.

It appears by an agreement entered on record, that the place where the sale was made is governed by the common law of England, and the main question in the cause is whether on the facts just stated there was such a transfer of the property to the vendee, as prevented the vendor taking it by force on an alleged failure. The judge of the district court was of opinion that the plaintiff had forfeited his title to the raft in consequence of his not having complied with his agreement.

We are of the same opinion. The cardinal rule in cases of this kind is, if possible, to give effect to the intention of the parties. In this now before us, there is no doubt their intention was, that the vendor should have the property again, if the buyer failed to comply with his contract. The delivery was conditional; Burrel could have maintained trover for the raft. We see nothing in the law of England which enables us to say that the vendor forfeited his right by violently taking possession, irregular and improper as the act certainly was.

The judgment of the district court is affirmed with costs.

*Ripley* for the plaintiff, *M'Caleb* for the defendant.